UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:21-cr-84-1 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 32, 43] |
| v. | : | |
| | : | |
| TERRY L. CLARK | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Before the Court are Defendant Terry Clark's pro se motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and sentence modification under 18 U.S.C. § 3582(c)(2).[1] Clark currently serves a 40-month sentence at Elkton FCI after a January 2022, guilty plea to one count of felon in possession of a firearm, 18 U.S.C. § 922(g).[2]

With his initial compassionate release motion, Clark argues that extraordinary and compelling circumstances, including his long-haul COVID-19 symptoms, asthma and COVID-19 risk justify compassionate release.[3] Clark also says that the § 3553(a) sentencing factors favor his release.

Clark also moves for a sentence modification under 18 U.S.C. § 3582(c)(2), saying that recently amended Sentencing Guidelines would result in a shorter sentence had he been sentenced after the amendments took effect.[4]

---

[1] On August 30, 2022, Clark filed his compassionate release motion pro se. Doc. 32. On January 26, 2023, Clark's attorney filed a notice of no intent to supplement the motion. Doc. 35. The government filed its opposition on February 6, 2023, Doc. 39, and Clark's attorney replied on February 21, 2023. Doc. 41. On September 28, 2023, Clark filed a supplement to his compassionate release motion. Doc. 42. On October 27, 2023, Clark filed a motion for sentence modification pro se and reiterated his prior compassionate release arguments. Doc. 43.
[2] Doc. 29, PageID #: 141-42.
[3] Doc. 32, PageID #: 159-60.
[4] Doc. 42, PageID #: 307.

Case No. 5:21-cr-84-1
GWIN, J.

For the following reasons, the Court **DENIES** Defendant Clark's compassionate release and sentence modification motions.

## I. COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A)

### A. Legal Standard

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[5] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[6]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[7] Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[8] Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[9]

### B. Discussion

#### 1. Exhaustion

Clark satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. On July 11, 2023, Clark requested compassionate release from the warden. The warden denied the

---

[5] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[6] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[7] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[8] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[9] *Id.*

- 2 -

Case No. 5:21-cr-84-1
GWIN, J.

compassionate release request.[10] Over thirty days later from his initial request, on August 31, 2022, Clark filed the present motion.

### 2. Extraordinary and Compelling Circumstances

A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023.[11] This policy statement, Sentencing Guidelines § 1B1.13(b)(1), provides a non-exhaustive list of various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction.[12]

In relevant part, Sentencing Guidelines § 1B1.13(b)(1) provides that an extraordinary and compelling reason exists when the defendant is suffering from (1) a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory); (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care while incarcerated; or (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.[13]

An extraordinary and compelling reason may also exist where the defendant is housed at a correctional facility affected by an ongoing outbreak of infectious disease, the defendant is at increased risk due to personal health factors, and such risk cannot be adequately mitigated in a timely manner.[14] Finally, "any other circumstance or combination of

---

[10] Doc. 39-2.
[11] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). Previously, the Sentencing Commission's policy statement only applied to motions brought by the BOP. *See, e.g., Elias*, 984 F.3d at 518. Although Clark's initial motion was filed prior to November 1, 2023, in his supplement, he asks the Court to review if "any . . . new legal framework" would grant his requested relief. Doc. 42, PageID #: 307.
[12] U.S. Sent'g Guidelines Manual. § 1B1.13(b).
[13] *Id.* § 1B1.13(b)(1)(A)-(C).
[14] *Id.* § 1B1.13(b)(1)(D).

Case No. 5:21-cr-84-1
GWIN, J.

circumstances, that, when considered by themselves or together" are as serious as the enumerated reasons may be extraordinary and compelling.[15]

Although Clark has met the statutory exhaustion requirement, he has not shown extraordinary and compelling circumstances necessary to support compassionate release. Clark's "mild, intermittent" asthma is adequately controlled in prison with medication.[16] Although severe or uncontrolled asthma might warrant release during a viral pandemic, Clark has not shown that he suffers from such a condition.[17]

Neither does Clark's claim of long-haul COVID-19 symptoms demonstrate extraordinary or compelling circumstances.[18] Even if Clark had specified which long-haul symptoms he suffers, "long-haul symptoms do not constitute extraordinary and compelling reasons to release a prisoner, particularly when those symptoms are manageable in prison."[19] Clark has not provided evidence that these symptoms are unmanaged.

Clark says that due to his Rastafarian religion,[20] he is unable to receive the COVID-19 vaccine and so Elkton FCI's COVID-19 risks cannot be mitigated. Religion may be a "compelling reason justifying the failure to be vaccinated."[21] However, while Clark "may be entitled to decline the vaccine, . . . his refusal does not give him an advantage in seeking early compassionate release."[22]

---

[15] *Id.* § 1B1.13(b)(6).
[16] *United States v. Hopkins*, 594 F. Supp. 3d 852, 859 (E. D. Mich. 2022); Doc. 39-3, PageID #: 229, 239, 269, 277.
[17] *See Hopkins*, 594 F. Supp. 3d at 859.
[18] Both Clark's asthma and his long-haul symptoms arose after his hospitalization for COVID-19 in January 2022, prior to his incarceration. Doc. 39-2, PageID #: 229.
[19] *United States v. Constantine*, 2021 WL 4487966 (E.D. Mich. Oct. 1, 2021) (gathering cases).
[20] Clark has demonstrated a sincerely held religious belief of Rastafarianism. See Doc. 32-4, PageID #: 179.
[21] *United States v. Brownlee*, 2022 WL 35404, at *2. (6th Cir. 2022 Jan. 4, 2022)
[22] *United States v. Weldon*, 2021 WL 5041219, at *2 (D. Maine Oct. 29, 2021). Other courts examining this issue have held that "refusing vaccination because of religious belief does not weigh in favor of compassionate release." *United States v. Anderson*, 2021 WL 5985134 (D. Nev. Dec. 16, 2021) *aff'd*, No. 22-10007, 2022 WL 2828783, at *1 (9th Cir. Jul 20, 2022). *See also United States v. Rivera-Banchs*, 2023 WL 2764836, at *3 (W.D.N.Y. Apr. 4, 2023); *United States v. Norville*, 2021 WL 1731778, at *2 (S.D.N.Y. May 3, 2021); *United States v. Crockett*, 2022 WL 1186571, at *7 (E.D. Wisc. Apr. 20, 2022).

Case No. 5:21-cr-84-1
GWIN, J.

Besides this, Clark does not provide evidence to support his claim that there is an undocumented outbreak of symptomatic COVID-19 cases at Elkton. BOP data shows that there are only two currently open reported cases, in a population of 2003.[23] While a future outbreak of COVID-19 is possible, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason."[24]

Finally, Clark points to potential sentencing disparities and rehabilitation needs as extraordinary and compelling reasons. Neither justifies early release. First, at the time of Clark's sentencing, the Court had already contemplated similarly situated defendants' sentences.[25] These "facts that existed when the defendant was sentenced cannot later be construed as extraordinary and compelling justifications for a sentence reduction."[26]

And, while the recent Sentencing Guidelines amendment allows rehabilitation to be considered with other circumstances, rehabilitation needs are not, by themselves, extraordinary and compelling reasons for release.[27]

### 3. 18 U.S.C. § 3553(a) Factors

Because Clark offers no extraordinary and compelling reasons for early release the Court need not consider the statutory sentencing factors under 18 U.S.C. § 3553(a).[28] Still, the Court will briefly address why, even if Clark gave qualifying reasons, the sentencing factors weigh heavily against any early release.

---

[23] *See* Fed. Bureau of Prisons, *Inmate COVID-19 Data* (Dec. 4, 2023), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.
[24] *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).
[25] Doc. 21, PageID #: 106-08.
[26] *United States v. Lemons*, 15 F4th 747, 750 (6th Cir. 2021).
[27] *See* 28 U.S.C. § 994(t); § 1B1.13(d).
[28] *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

Case No. 5:21-cr-84-1
GWIN, J.

**Nature and Circumstances of Offense.**  Clark brought a loaded, concealed firearm to a family member's widely attended funeral.  Police monitored the funeral because of a high risk of gang violence. [29]  Contrary to Clark's argument, the gun heightened, not decreased, the real risk of violence at the funeral.

**Personal History and Characteristics.**  This factor weighs heavily against early release.  Clark has several juvenile convictions and incarcerations.[30]  When he was sixteen, Clark was tried as an adult and convicted of voluntary manslaughter after shooting someone in the chest during an argument.[31]  Only fifteen months had passed between his release from Ohio post-release control and the present offense.[32]  At the time he was sentenced for the present offense, Clark had a pending hit-and-skip charge.[33]  And, while Clark has completed his GED while incarcerated, he also has committed two disciplinary infractions.[34]

**Penological Justifications.**  At sentencing, the Court explained that it imposed a 40-month sentence to reflect just punishment for Clark's offense's seriousness, deter future criminal conduct, and protect the public.[35]  This reasoning still applies today.

## II.    SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2)

18 U.S.C. § 3582(c)(2) provides that sentenced defendants subjected to a subsequently lowered sentencing range may have a sentence reduced after the court weights the § 3553(a) factors and applicable policy statements.  Clark says that recently enacted

---

[29] Doc. 42, PageID #: 312.
[30] Doc. 21, PageID #: 107.
[31] Doc. 20, PageID #: 93.
[32] *Id.*, PageID #: 96.
[33] *Id.*
[34] Doc. 39-4, PageID #: 300.
[35] Doc. 30, PageID #: 150.

Case No. 5:21-cr-84-1
GWIN, J.

Sentencing Guidelines Amendment 821, which retroactively affects sentences as of February 1, 2024, qualifies him for a sentence reduction under § 3582(c)(2).[36]

Part A of Amendment 821 will limit the criminal history impact of "Status Points" in Sentencing Guidelines § 4A.[37] Part B of Amendment 821 will permit a two-level reduction for defendants without criminal history points from § 4A and an instant offense without specific aggravating factors.

Amendment 821 will not change Clark's criminal history points or criminal history category, and thus, will not change his sentence. Clark did not have any status points, because his offense was not committed while he was under a criminal justice sentence.[38] Clark also was not a zero-point offender, as he had three criminal history points under § 4A.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Clark's compassionate release and sentence modification motions.

IT IS SO ORDERED.

Dated: December 4, 2023         *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[36] Doc. 42, PageID #: 307.
[37] U.S. Sent'g Comm'n, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 4, 2023).
[38] *See* Doc. 20, PageID #: 93-94.